UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD
BUSSEY, and GREGORY HEADLEY,

                                 Plaintiffs,

          -against-

CITY OF NEW YORK, DAVID LUPPINO, Individually,
PHILIP VACCARINO, Individually, STEVEN MARSHALL,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                                 Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 2888
(CBA) (RLM)

<u>Jury Trial Demanded</u>

      Plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## <u>Preliminary Statement</u>

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United.  Plaintiffs also assert supplemental state law claims.

## <u>JURISDICTION</u>

      2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiffs assert supplemental

state law claims pursuant to common law and the New York State Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff WHITNEY GRAHAM is a twenty-five year old African American woman residing in Staten Island, New York.

7.      Plaintiff SHARONE GRAHAM is a twenty-eight year old African American man residing in Staten Island, New York.

8.      Plaintiff EDWARD BUSSEY is a thirty-seven year old African American man residing in Staten Island, New York.

9.      Plaintiff GREGORY HEADLEY is a thirty-three year old African American man residing in Staten Island, New York.

10.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable

2

sections of the aforementioned municipal corporation, CITY OF NEW YORK.

12.     That at all times hereinafter mentioned, the individually named defendants, DAVID LUPPINO, PHILIP VACCARINO, STEVEN MARSHALL, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

13.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

14.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

15.     On August 3, 2012, at approximately 5:30 p.m., plaintiff SHARONE GRAHAM, was a motorist lawfully operating a motor vehicle on Jersey Street by the corner of Castleton Avenue, Staten Island, New York.

16.     At said time, plaintiff EDWARD BUSSEY was a front seat passenger in SHARONE GRAHAM'S vehicle, and plaintiff WHITNEY GRAHAM, SHARONE GRAHAM'S sister, was a rear seat passenger in said vehicle.

17.     At said time, plaintiff GREGORY HEADLEY was a lawful pedestrian on Jersey Street.  Plaintiff HEADLEY is a friend of plaintiffs SHARONE GRAHAM and EDWARD BUSSEY.

3

18.    At said time, plaintiff SHARONE GRAHAM recognized plaintiff HEADLEY and pulled his vehicle to the curb to greet him.   Plaintiff HEADLEY approached plaintiff GRAHAM'S vehicle, greeted plaintiffs SHARONE GRAHAM and EDWARD BUSSEY and engaged in conversation.

19.    At said time, the defendant police officers PHILIP VACCARINO and STEVEN MARSHALL approached plaintiffs.

20.    At said time, Anthony Bahdur was a pedestrian on Jersey Street in the vicinity of plaintiff SHARONE GRAHAM'S vehicle.  When the officers approached plaintiffs, Mr. Bahdur threw a bag of alleged crack cocaine to the ground.  Mr. Bahdur did not purchase the alleged crack cocaine at said location and did not purchase said crack cocaine from plaintiffs.  Mr. Bahdur did not have any interactions with the plaintiffs at said location or otherwise.

21.    The defendant officers, including defendants VACCARINO and MARSHALL, nonetheless unlawfully searched plaintiffs and the vehicle they were in.

22.    The defendants officers did not find any weapons or contraband on any of the plaintiffs nor in said vehicle.

23.    Despite lacking probable cause to believe the plaintiffs committed any crime or offense, the defendant officers handcuffed plaintiffs, transported plaintiffs to the NYPD's 120th precinct stationhouse, and imprisoned them therein.

24.    While imprisoned at the 120th precinct, a female officer brought plaintiff WHITNEY GRAHAM to a bathroom and subjected her to an unlawful search wherein she compelled her to lift her shirt and bra and to lower her pants and underwear to her ankles, and to squat and cough in the presence of the officer.

4

25.     The defendants imprisoned plaintiffs until the following day, when plaintiffs were arraigned on baseless charges filed under docket numbers 2012RI007065, 2012RI007066, 2012RI007067, 2012RI007068; said charges having been filed based on the false allegations of defendants DAVID LUPPINO, VACCARINO, and MARSHALL.  The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: including but not limited to, for overtime compensation, to meet arrest quotas, and/or generally for the purpose of personal or professional advancement notwithstanding the propriety of their conduct.

26.     Defendants LUPPINO, VACCARINO, and MARSHALL falsely alleged that plaintiffs, acting together and in concert, sold crack cocaine to Anthony Bahdur.  Defendants LUPPINO, VACCARINO, and MARSHALL falsely alleged that plaintiff HEADLEY escorted Bahdur to plaintiff SHARONE GRAHAM'S vehicle after being waved over by plaintiff WHITNEY GRAHAM, that plaintiff SHARONE GRAHAM passed a bag of crack cocaine to plaintiff EDWARD BUSSEY, and that plaintiff BUSSEY handed said bag of crack cocaine to Bahdur in exchange for a sum of money.

27.     Defendants LUPPINO, VACCARINO, and MARSHALL also falsely alleged that plaintiff HEADLEY possessed a quantity of marijuana.

28.     As a result of the defendants' false allegations, plaintiffs were charged with, *inter alia,* Criminal Sale of a Controlled Substance in the 3rd degree, a B felony.

29.     As a result of the defendants' false allegations, bail was set on plaintiffs SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY, and said plaintiffs

5

were imprisoned on Riker's Island until they were released on August 9, 2012.

30.    Over the course of the next six months, the malicious prosecution compelled plaintiffs to return to Court for five appearances.

31.    All of the purported charges levied against plaintiffs based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court on February 6, 2013.

32.    The defendant officers created and manufactured false evidence against plaintiffs and used same against them in said legal proceedings.    Further, defendants LUPPINO, VACCARINO, and MARSHALL conveyed this false evidence to the Richmond County District Attorney's Office, and swore to said false allegations, which formed the basis of the criminal charges filed against plaintiffs.

33.    Defendant JOHN DOE # 1 supervised defendants LUPPINO, VACCARINO, MARSHALL, and JOHN and JANE DOE 2 through 10, and approved of, oversaw, and otherwise participated in the stops, searches, arrests, and prosecutions of the plaintiffs.

34.    Defendant NYPD officers LUPPINO, VACCARINO, MARSHALL, and JOHN and JANE DOE 1 through 10, either directly participated in the above described misconduct or were present or otherwise aware of said misconduct and failed to intervene, despite a reasonable opportunity to do so.

35.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to a *de facto* policy of falsification.

6

36.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the basis for stops, arrests, and the ramifications of falsification.

37.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

38.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39.     As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

40.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

7

41.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

42.     All of the aforementioned acts deprived plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

44.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

45.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46.     As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

47.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants arrested plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

49.     Defendants caused plaintiff WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY to be falsely arrested and unlawfully imprisoned.

50.     As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unlawful Strip Search under 42 U.S.C. §1983)

51.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendants strip searched plaintiff WHITNEY GRAHAM in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

53.     Defendants thereby caused plaintiff WHITNEY GRAHAM to be deprived of her

9

right to be free from unlawful strip searches.

54.     As a result of the foregoing, plaintiff WHITNEY GRAHAM is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

55.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants maliciously issued criminal process against plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY by causing him to appear in Richmond County Criminal Court.

57.     Defendants caused plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit including but not limited to for overtime compensation, to meet arrest quotas, and/or generally for the purpose of personal or professional gain.

58.     As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
<u>(Malicious Prosecution under 42 U.S.C. § 1983)</u>

59.      Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.      Defendants initiated, commenced and continued a malicious prosecution against plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY.

61.      Defendants caused plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY to be prosecuted without probable cause until the charges against plaintiffs on February 6, 2013.

62.      As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
<u>(Violation of Right to Fair Trial under 42 U.S.C. § 1983)</u>

63.      Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.      Defendants created false evidence against plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY.

65.      Defendants utilized this false evidence against plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY in legal proceedings.

11

66.     As a result of defendants' creation and use of false evidence, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY suffered a violation of their constitutional right to a fair trial as guaranteed by the United States Constitution.

67.     As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

68.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants had an affirmative duty to intervene on behalf of plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY, whose constitutional rights were being violated in their presence by other officers.

70.     The defendants failed to intervene to prevent the unlawful conduct described herein.

71.     As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY's liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

72.     As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE

12

GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

73.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.    The supervisory defendants personally caused plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

75.    As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

76.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    The defendants seized plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY, and detained, arrested, and imprisoned

13

plaintiffs because of their national origin and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

78. As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY were deprived of their rights under the Equal Protection Clause of the United States Constitution.

79. As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

80. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

82. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, engaging in a practice of falsification and manufacturing evidence; making arrests without regard to probable cause for purposes of obtaining overtime compensation and/or for professional advancement; and inadequate screening, hiring, retaining, training and supervising its employees. These customs, policies, usages practices, procedures and rules were the moving force behind the violation of

14

plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

83. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and the constitutional rights of plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY.

84. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY as alleged herein.

85. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY as alleged herein.

86. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY were unlawfully arrested, and maliciously prosecuted.

87. Defendants, collectively and individually, while acting under color of state law,

15

were directly and actively involved in violating plaintiff WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY'S constitutional rights.

88.    All of the foregoing acts by defendants deprived plaintiff WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from false arrest;

C.    To be free from malicious prosecution;

D.    To be free from abridgment of the right to fair trial;

E.    To be free from the failure to intervene; and

F.    To receive equal protection under law.

89.    As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

90.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.    Within ninety (90) days after the claim herein accrued, plaintiff WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information

16

required under the General Municipal Law 50-e.

92.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

93.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

94.     Plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY haves complied with all conditions precedent to maintaining the instant action.

95.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

96.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Defendants initiated, commenced and continued a malicious prosecution against plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY.

98.     Defendants caused plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY to be prosecuted without probable cause until the charges were dismissed on February 6, 2013.

99.     As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory

damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

100.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY.

102.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

103.    As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

104.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth

18

herein.

105.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted, supervised and participated in the arrest and prosecution of plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY.

106.    As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

107.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

109.    As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

110.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.   Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112.   As a result of the foregoing, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD BUSSEY, and GREGORY HEADLEY demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        October 29, 2014

                    LEVENTHAL & KLEIN, LLP
                    Attorneys for Plaintiffs WHITNEY GRAHAM,
                    SHARONE GRAHAM, EDWARD BUSSEY, and
                    GREGORY HEADLEY
                    45 Main Street, Suite 230
                    Brooklyn, New York 11201
                    (718) 722-4100

          By:   _____
                    BRETT H. KLEIN (4744)

21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

WHITNEY GRAHAM, SHARONE GRAHAM, EDWARD
BUSSEY, and GREGORY HEADLEY,

                               Plaintiffs,

      -against-

CITY OF NEW YORK, DAVID LUPPINO, Individually,
PHILIP VACCARINO, Individually, STEVEN MARSHALL,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                               Defendants.

-------------------------------------------------------------------------------X

14 CV 2888
(CBA) (RLM)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100